UNITED STATES of America,

v.

Jeffrey David WASHINGTON a/k/a
Kenny Don Cotts Jeffrey
Washington, Appellant.

No. 02–2757.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Feb. 25, 2004.

Decided June 2, 2004.

Christopher H. Casey, Office of United States Attorney, Scranton, PA, for Appellee.

Jeffrey David Washington, Ray Brook, NY, pro se.

Before RENDELL, BARRY and FISHER, Circuit Judges.

## OPINION

RENDELL, Circuit Judge.

Jeffrey David Washington pled guilty to possession with intent to distribute cocaine base and was sentenced to 262 months' imprisonment. He complains that the District Court should have permitted him to withdraw his guilty plea, based on ineffectiveness of counsel and lack of voluntariness. He also urges that the government breached the plea agreement in pressing for a sentence higher than had been agreed upon.[1]

The government urges that he is foreclosed from challenging his plea on appeal based upon his waiver of that right as part of his plea agreement. Accordingly, it has moved to dismiss the appeal. We will grant this motion.

Washington's plea agreement provided that:

[t]he defendant is aware that Title 18, United States Code, Section 3742 af-

---

**1.** Washington has also made a claim of ineffectiveness of counsel, which we will not decide, based on our practice of deciding such issues on a petition for relief under habeas corpus, rather than on direct appeal. *United States v. Jake,* 281 F.3d 123, 132 n. 7 (3d Cir.2002).

fords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any sentence imposed within the statutory maximum, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds. The defendant also waives the defendant's right to challenge any sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 18, United States Code, Section 2255.

In addition, Washington also signed a document entitled Statement of Defendant, which states: "I further understand that as a part of the plea agreement, I am waiving my right to appeal and/or challenge my conviction and sentence, and the manner in which it was imposed."

We have held that waivers of appeals in plea agreements are valid if entered into knowingly and voluntarily. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir.2001). Here, the District Court specifically questioned Washington's understanding of his waiver. The Court asked: if he had signed, read and understood the plea agreement; if he had discussed it with his counsel; if he had had enough time to discuss it with his counsel; if his counsel had explained everything in it; and, if everything in it was true and correct. Washington replied, "Yes." The Court then explained the effect of the waiver on his rights to appeal and to collaterally attack the proceedings and the sentence imposed, and asked whether he understood of all this. Again, Washington replied, "Yes." The Court concluded, on the basis of this thorough colloquy, that Washington had waived his rights of appeal knowingly and voluntarily. We agree. Thus, the waiver is

valid, and divests us of jurisdiction over Washington's appeal. *Id.* at 563.

Accordingly, we will dismiss his appeal.